**ANTON et al. v. MONTGOMERY WARD & CO., Inc.**

Nos. 36 and 37, Dockets 22408, 22409.

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 1952.

Decided Nov. 7, 1952.

John D. Paterson, Barre, Vt., for appellant.

Harold I. O'Brien, Rutland, Vt., John Molla, Barre, Vt., for appellees.

Before L. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

■ The defendant raises three points on this appeal: (1) that the plaintiffs did not prove that the door was within the control of the defendant; (2) that the judge charged the jury that the plaintiffs, having made out a prima facie case, the defendant was liable unless it put in some rebuttal; (3) that the judge erred in charging the jury that the defendant was absolutely liable instead of being responsible for reasonable care alone. As to the first, we hold that the evidence permitted an inference that the door was part of the defendant's premises. It led into, and out of, its shop, and ordinarily the entrance to a shop is part of the premises. This we hold, not indeed as matter of law, but because the jury might so infer as matter of common knowledge.

■ As to the third point, we agree that there were early passages in the charge

which, taken alone, read as though the defendant's duty were absolute, and not limited to the use of reasonable care; but there were also several later passages in which the duty was stated as it should be. If the defendant had called the inconsistency to the judge's attention and he had refused to correct it, we might have felt bound to reverse the judgment; but it made no such request. It did except to the charge in a number of particulars; but, save for a single instance, all the exceptions were "on the ground that there is no evidence" to support some finding; and there was always some support for the finding. The single instance was that "the test is not whether the premises were safe, but whether they were reasonably safe." As we have just said, the judge did several times so charge; and we do not think that the language of the exception brought to his mind the fact that he had earlier put the duty in more absolute terms.

▉ The second point is more serious. In speaking of the doctrine of res ipsa loquitur which he held to apply, the judge told the jury that proof of the accident made out a "prima facie" case. To that we agree; but he then added that a "prima facie" case was "one that is in law sufficient to sustain the plaintiff's claim, unless rebutted. It is not conclusive. Whether or not it is overcome or counterbalanced by countervailing evidence is for you, the jury, to say." This was by no means clear, but it was unobjectionable, if under the law of Vermont the doctrine of res ipsa loquitur establishes a presumption in the strict sense that requires the direction of a verdict if the defendant does not rebut it. If on the other hand, the Vermont law is no more than that the doctrine will support, but does not compel, a finding, even though the defendant puts in no rebuttal, then the instruction was erroneous. However, we cannot find any exception, directed to this part of the charge; and it is not unreasonable to suppose that, had the judge's attention been called to it, he would have cleared it up. Hence it is unnecessary to decide whether the law of Vermont established a presumption in the strict sense,[1] or whether it did no more than give the plaintiffs the privilege of arguing from the accident that the defendant could not have been duly diligent.

Judgments affirmed.